# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| REBECCA LYNN MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-220 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Comissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Represented by counsel, plaintiff Rebecca McBride seeks judicial review of her Social Security Disability claim. Doc. 1. She also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve her of the obligation to pay her own way where it is possible to do so without undue hardship. *Id.* at 339-40.

On her IFP application, McBride claims $2,400 in monthly income. Doc. 2 at 1. She has $780 in her checking account, drives a car worth

$2,000, and reports that a Stan Porter owes her $25,000. *Id.* at 2-3. Her expenses total $2,273 per month. *Id.* at 5.

Although not wealthy, McBride falls well beyond what qualifies as indigency. *Williams v. Oklahoma*, 2016 WL 4069819 at * 1 (10th Cir. July 29, 2016) (plaintiff had "sufficient income to pay the fees to file his complaint"); *Brewer v. City of Overland Park Police Department*, 24 F. App'x 977, 979 (10th Cir. 2002) (IFP denied because plaintiff's income exceeded expenses "by a few hundred dollars"); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds; plaintiff's income exceeded monthly expenses by $300 and she had nearly $700 in checking). Covering the costs of a filing fee may impose some hardship on her, but it certainly won't be undue. *Adkins*, 335 U.S. at 339. Her IFP motion should be **DENIED**.[1] Doc. 2.

---

[1] "[M]agistrate judges have no authority to enter an order denying IFP status. *See Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004) (*per curiam*); *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) ("[D]enial of [motion to proceed *in forma pauperis*] is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."). *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *but see Redford v. Planchard*, 2009 WL 3158175 at * 3 (N.D. Ga. Sept. 25, 2009) (noting a circuit split on whether magistrates can deny IFP

**SO REPORTED AND RECOMMENDED**, this  16th  day of August, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

applications and observing that the Eleventh Circuit has indicated that such orders are nondispositive).